```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION


Marvin E. Henry,                :

        Plaintiff,              :

    v.                          :      Case No. 2:07-cv-0052

Ohio Victims of Crime           :      JUDGE WATSON
Compensation Program, et al,
                                :
        Defendants.
```

REPORT AND RECOMMENDATION

On January 24, 2007, this Court received a complaint and application for leave to proceed *in forma pauperis* from Marvin E. Henry, a plaintiff proceeding *pro se*. This action is now before the Court for an initial screening pursuant to 28 U.S.C. §1915. That is, the Court is required to review Mr. Henry's complaint prior to allowing the case to proceed in order to see if he has pleaded any claims that do not state a valid legal claim. For the following reasons, the Court recommends that the entire case be dismissed as frivolous and for failure to state any claims upon which relief can be granted.

I.

28 U.S.C. § 1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if . . . (B) the action . . . is frivolous or malicious [or] fails to state a claim on which relief can be granted . . . ." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may only be dismissed as frivolous when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a

basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist. See id. at 327-28. Such claims also include those "describing fantastic or delusional scenarios, claims with which federal judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may be dismissed for failure to state a claim upon which relief can be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the plaintiff's complaint and application for leave to proceed *in forma pauperis* will be considered.

II.

Mr. Henry's complaint is brief and gives little detail upon which to determine if he has, or will be able to, state a valid legal claim that can be heard by this Court. Additionally, Mr. Henry does not request any specific relief, such as money damages or an injunction. In general, Mr. Henry appears to allege that sensitive medical documents were released by or to the Ohio Attorney General, the Ohio Victims of Crime Compensation Program, and the Ohio Court of Claims without his consent. Mr. Henry has sued two Ohio agencies, the Ohio Victims of Crime Compensation Program and the Ohio Attorney General, the Ohio Court of Claims, and "any other entity directly or indirectly by the foregoing entities controlled by the above named" to gain relief. (Compl. at 4).

His claim appears to arise under the Health Insurance Portability and Accountability Act (HIPAA), and involves two instances of alleged violations: (1) a brief written by the

Attorney General, dated September 27, 2000, and (2) information presented by or to the Attorney General, the Victims of Crime Compensation Bureau, and the Ohio Court of Claims on January 27, 2000. (Id. at p. 5).

The threshold question which determines if this suit should be allowed to proceed against these named defendants, or whether such a suit is prohibited by the Eleventh Amendment, is whether a private right of action against these entities is permitted under the Health Insurance Portability and Accountability Act (HIPAA), Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. 104-191, 110 Stat 1936 (1996) (codified as amended in scattered sections of 18, 26, 29, 42 U.S.C.), and, if so, such a claim can be asserted against state agencies.

HIPAA was created in order to, *inter alia*, "combat waste, fraud, and abuse in health insurance and health care delivery." See id. However, Congress neither expressly nor impliedly provided for any private rights of action to enforce HIPAA. Id. § 262(a), 42 U.S.C. § 1320d-5; Wood v. Byer, 2006 WL 3304053, *9–10 (N.D. Ohio 2006)(citing 42 U.S.C. § 1320d and Doe v. Board of Trustees of University of Illinois, 429 F. Supp. 2d 930, 944 (N.D. Ill. 2006))("HIPAA does not provide a private cause of action for improper disclosures of medical information, but rather provides civil and criminal penalties which must be enforced by the Department of Health and Human Services"); Prichett v. Office of Attorney General, 2006 WL 2828656 (E.D. Mich. 2006)(adopting Magistrate Judge's Recommendation that there is no private cause of action under HIPAA).  Violations of HIPAA can only be pursued by the Secretary of Health and Human Services. L.S.D. v. Genesee Co. Community Mental Health, 2006 WL 2347612 (E.D. Mich. 2006)(finding that Secretary of Health and Human Services must pursue action and that no private right of action exists under HIPAA).  Thus, the plaintiff has failed to state a claim upon which relief may be

granted, because he cannot personally sue the above named defendants. Even if such a cause of action were to be implied under HIPPA, however, it could not be asserted against the named defendants, because they are state agencies which cannot be sued in a federal court unless Ohio has waived its Eleventh Amendment immunity from suit (which it has not) or unless Congress has validly and expressly authorized such suits to be filed against the state, which also has not occurred. Thus, even if what Mr. Henry alleges is true, this Court could not provide him with any relief.

### III.

For the foregoing reasons, the Court concludes that it lacks jurisdiction over all of the named or proposed defendants and that the complaint does not state a claim upon which relief can be granted. Therefore, it is recommended that Mr. Henry's application for leave to proceed *in forma pauperis* be granted and that this case be dismissed without prejudice for lack of jurisdiction and/or because any claim against the named defendants is frivolous. It is further recommended that, should the suit be dismissed on these grounds, a copy of the complaint, this Report and Recommendation, and the dismissal order be mailed to the defendants.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

4

evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge